REINHARDT, Circuit Judge,
concurring in part and dissenting in part.
I dissent'from the majority’s conclusion in Part I.B that the exclusion of Foy’s evidence regarding the kidnapping charge did not justify issuing the writ under AEDPA with respect to that charge.
The relevant question is whether excluding evidence that O. “willingly enter[ed] into stranger’s cars” and “direct[ed] them to a location of her choosing,” which Foy argued would provide “circumstantial evidence to establish that no ‘kidnap’ had occurred,” violated Foy’s due process right to present a complete defense to the kidnapping charge. The only reasonable answer is yes.
It is clearly established that a defendant’s right to “a meaningful opportunity to present a complete defense,” Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)) (internal quotation marks omitted), “is abridged by evidence rules that ‘infringe upon a weighty interest of the accused’ and are ‘arbitrary’ or ‘disproportionate to the purposes they are designed to serve.’ ” Id. (quoting United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998)).
Under AEDPA, “[a] federal habeas court may issue the writ under the ‘contrary to’ clause if the state court applies a rule different from the governing law set forth in our cases.” Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Instead of applying Holmes, the California Court of Appeal in this case simply concluded that Foy’s rights were not violated because, had the evidence been admitted, the jury would not have received a significantly different impression of the witness’s credibility. This may be an accurate description of the standard for assessing Confrontation Clause violations, but it is not the Holmes standard that governs the right to present á complete defense. The California Court of Appeal’s decision was thus “contrary to” clearly established Supreme Court precedent. See Lafler v. Cooper, — U.S.-, 132 S.Ct. 1376, 1390, 182 L.Ed.2d 398 (2012) (holding that a state court decision was “contrary to” federal law because the state court “identified respondent’s ineffective-assistance-of-counsel claim but failed to apply Strickland to assess it. Rather than applying Strickland, the state court simply found that respondent’s rejection of the plea was knowing and voluntary.”).
Even assuming that the California Court of Appeal implicitly identified Holmes as the correct standard, its decision would be an unreasonable application of that precedent. Under Holmes, state exclusionary rules cannot be applied to exclude relevant evidence if doing so would be “dispropor *908 tionate to the purposes [those rules] are designed to serve.” Holmes, 547 U.S. at 324-25, 126 S.Ct. 1727 (quoting Scheffer, 523 U.S. at 308, 118 S.Ct. 1261). The question is thus whether the state’s interest in protecting alleged “rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct” outweighed Foy’s due process right to introduce evidence important to his defense to the kidnapping charge.
The majority first notes that the jury was properly instructed as to the elements of the kidnapping charge. Many things were done properly in Foy’s trial, but I see no logical connection between a correct jury instruction and whether it was error to exclude the crucial evidence at issue. The majority also notes that the jury heard evidence suggesting that O. had been “strolling” as a prostitute that night, and she admitted that she got into Foy’s car willingly. Of course, the state court did not exclude all relevant evidence favorable to Foy, but even AEDPA requires more than that. That O. was “strolling” as a prostitute and that she willingly got into Foy’s car in no way shows what the excluded evidence would have shown: that she would “direct” clients where to go once she got into a client’s car.[1]
I strongly doubt that the state’s interest in preventing unwarranted intrusions into an alleged victim’s sexual conduct is at all implicated here. Telling a customer where to drive hardly constitutes sexual conduct.[2] More important, the California Rape Shield Law invoked to exclude the evidence in this case applies only when the evidence is sought to be introduced in order to show that the alleged rape was in fact consensual sex. See Cal. Evid.Code § 1103(c)(1). Foy, however, sought to introduce evidence of O’s non-sexual conduct after she voluntarily entered the car in order to rebut the kidnapping charge. The asserted interests underlying the Rape Shield Law are thus not present in this case at all, and they certainly cannot outweigh Foy’s due process right to present a complete defense to the kidnapping charge.
In short, I have no question that it was not only “arbitrary” but “unreasonable” for the California Court of Appeal to hold that the exclusion of the evidence that O. directed her customers to the locations she selected did not deprive Foy of his due process right to present a complete defense to the kidnapping charge. The evidence from the undercover police officers that directing her customers to secluded locations was O’s method of operation was the only evidence offered by Foy that she, not Foy, was responsible for the pair’s going to the secluded location at which the sexual offense transpired. It was in fact the only evidence, and the only defense, Foy offered regarding the kidnapping charge. Excluding that evidence deprived him of that defense.
*909 Foy was properly convicted of being a rapist but he was unconstitutionally convicted of being a kidnapper, under any standard that a reasonable jurist could employ, specifically including that of whether the exclusion of the only defense evidence on the kidnapping charge was an unreasonable application of clearly established Supreme Court law. I can add only that the exclusion of that evidence was “disproportionate” to any purpose the California Rape Shield Law was designed to serve, given that the jury had been informed that O. was strolling as a prostitute at the time she entered Foy’s car, and had been convicted of prostitution, or, as the majority puts it, “the jury was aware that O. was a prostitute.” Evidence as to her method of selecting the location of her business activities bears directly on the kidnapping charge but adds little if anything to what the jury knew about her past sexual conduct. I would reverse without the slightest hesitation or shadow of a doubt.

. Even more off the mark is the majority’s reliance on the fact that in his closing statement Foy’s counsel argued that “prostitution in and of itself is basically a very hazardous occupation by willingly going into cars with strangers and going off somewhere to have consensual sex for money.” As juries are always reminded, statements by defense counsel are not evidence, and in any event Foy’s counsel simply restated what the admitted evidence showed. This in no way suggested that O. had herself directed Foy (or anyone else) where to go, rather than being the victim of a kidnapping.

. The majority states that "the excluded evidence would have shown that O. 'engaged in oral copulation,’ ” but it was of course possible for the trial court to admit testimony about O. directing clients to locations of her choosing and at the saíne time exclude evidence about her engaging in oral copulation.